UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERRY L. RANSON,

    Plaintiff,

v.                                          Case No. 4:22-cv-41-MW/MJF

WAKULLA RCC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerry L. Ranson (DC# 114511) has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Ranson's complaint was not accompanied by the filing fee. The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Ranson is barred under § 1915(g) from proceeding *in forma pauperis* and he has not paid the filing fee.[1]

### I. Background

Ranson is a Florida prisoner confined at the Wakulla Correctional Institution in Crawfordville, Florida. Ranson initiated this action on January 26, 2022, by filing

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

a document titled "Notice of Intent to Sue for Civil Action Lawsuit USC 1983 civil complaint." Doc. 1. Ranson is complaining that prison officials mishandled one or more canteen orders he placed. *Id*. at 1-2. As relief, Ranson seeks "non-jury trial . . . with official summons or notice of intents [sic] to sue served by Federal Marshall [sic] Service." *Id*. at 1. The clerk of the court docketed Ranson's "Notice" as a civil rights complaint under 42 U.S.C. § 1983.

On February 1, 2022, the undersigned screened Ranson's complaint and determined that he is barred by 28 U.S.C. § 1915(g) from proceeding with this civil action unless he pays the entire filing fee. The undersigned took judicial notice that Ranson has had cases in this District Court, and in the United States District Court for the Middle District of Florida, dismissed under § 1915(g). *See Ranson v. Occonnor*, No. 4:21cv431-MW-MAF, 2021 WL 5772426 (N.D. Fla. Nov. 2, 2021) (recommending dismissal of case pursuant to 28 U.S.C. § 1915(g) and identifying three of Ranson's many cases that qualify as strikes), *report and recommendation adopted*, 2021 WL 5770642 (N.D. Fla. Dec. 6, 2021); *Ranson-Cooper v. SARCI-Annex*, No. 8:11-cv-01628-SDM-MAP (M.D. Fla. July 26, 2011) (dismissing case pursuant to 28 U.S.C. § 1915(g) and identifying six prior cases Ranson filed in the Middle District that were dismissed under § 1915(g)).

Because Ranson's complaint did not demonstrate that he was under imminent danger of serious physical injury, the undersigned ordered Ranson to pay the

$402.00 filing fee on or before March 3, 2022. Doc. 3. Ranson has not responded to the order.

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Ranson has three strikes. His allegations do not demonstrate that he is under imminent danger of serious physical injury from the alleged mishandling of his canteen orders. Accordingly, he was required to pay the filing upon initiating this lawsuit. His failure to do so warrants dismissal of this case under § 1915(g). *See Dupree, supra*.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2. The clerk of court close this case file.

At Pensacola, Florida, this <u>11th</u> day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the</u>**

**electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**